Argued April 2, affirmed August 1, 1974

# JACKSON, *Appellant, v.* HAMMAN STAGE LINES, INC., *Respondent.*

524 P2d 60

*Bruce W. Williams,* Salem, argued the cause and filed a brief for appellant.

*David P. Templeton, Portland,* argued the cause for respondent. With him on the brief were Dusenbery, Martin, Bischoff & Templeton, Portland.

DENECKE, J.

Plaintiff was a passenger in a car which collided with defendant's bus. In plaintiff's ensuing personal injury action the jury found for the defendant and plaintiff appeals.

The collision occurred in an intersection which was controlled by a traffic control signal. The vehicles approached the intersection from opposite directions. Plaintiff's car attempted a left turn and was struck by the bus.

■ Plaintiff assigns as error the trial court's refusal to instruct the jury on the duties imposed by ORS 483.202 (1), (2) and the provisions of (3).[1] These statutes by their terms are inapplicable to this collision.

■ Plaintiff assigns as error the trial court's re-

_____

[1] ORS 483.202 (1), (2), (3):

"(1) The driver of a vehicle entering a freeway or other arterial highway where an acceleration or merging lane is provided for his use shall look out for and give right of way to vehicles on the freeway or other arterial highway.

"(2) Drivers, when approaching other uncontrolled highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enters and reaches the intersection or not.

"(3) Subsections (1) and (2) of this section do not apply at any intersection where and when traffic is controlled by traffic control signals, signs or police officers. Any driver entering an intersection at an unlawful speed shall forfeit any right of way he would otherwise have under subsection (1) or (2) of this section."

fusal to instruct, as requested, that plaintiff could recover for mental anguish caused by the collision. The evidence was undisputed that the plaintiff received some physical injury because of the collision; therefore, the verdict for the defendant must have been predicated upon a finding that the defendant was not negligent. For this reason the trial court's failure to instruct could not be prejudicial.

Affirmed.